IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ALICE GRAY; SHERRY MOSS; MICHAEL DOZIER-BLAIR; JOSEPH POWELL; JANELLE BLACK AND OTHER PLAINTIFFS IDENTIFIED IN EXHIBIT "A" ATTACHED HERETO AND INCORPORATED FULLY HEREIN, <br><br> Plaintiffs, <br><br> vs- <br><br> DOLGENCORP, INC.; DOLGENCORP OF NEW YORK, INC.; DOLGENCORP OF TEXAS, INC. and DOLLAR GENERAL PARTNERS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) Civil Action No: **7:06-CV-01538-LSC** ) ) **TRIAL BY JURY REQUESTED** ) ) ) ) ) ) ) ) |

## SECOND AMENDED COMPLAINT

COME NOW Plaintiffs and amend their complaint to substitute the bankruptcy trustees for certain Plaintiffs who have filed for bankruptcy protection[1], dismiss certain plaintiffs who are deceased[2], dismiss those Plaintiffs who have requested to have their claims dismissed or who were previously dismissed with prejudice for similar claims in a previous lawsuit[3], add two additional Plaintiffs Sheila Hunsker and Tina Depasquales and to correct name of the Defendant Dolgencorp of New York to Dolgencorp of New York, Inc. and Defendant Dolgencorp of Texas

---

[1] See list attached as Exhibit A.

to Dolgencorp of Texas, Inc.

## STATEMENT OF THE PARTIES

Plaintiffs, Alice Gray, Sherry Moss, Michaela Dozier-Blair, Joseph Powell; Janelle Black and other Plaintiffs identified in Exhibit "D" attached hereto and fully incorporated, individually, with each representing their own interest, against the Defendants, Dolgencorp, Inc.; Dolgencorp of New York, Inc.; Dolgencorp of Texas, Inc. and Dollar General Partners, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action states the following:

1. Defendants Dolgencorp, Inc.; Dolgencorp of New York, Inc.; Dolgencorp of Texas, Inc. and Dollar General Partners are corporations conducting business in the State of Alabama and approximately 8000 locations throughout the United States (hereinafter referred to collectively as "Defendants").

2. Plaintiffs, Alice Gray, Michaela Dozier-Blair, Sherry Moss, Joseph Powell and Janelle Black currently reside in Tuscaloosa County, Alabama.

3. At all times material to this action, the Plaintiff, Alice Gray was employed by Defendants at its store #07854; Plaintiff, Sherry Moss was employed by Defendants at its store #02915; Plaintiff, Michaela Dozier-Blair was employed by Defendants at its stores #01788; #04320; #03501; #01820 and #03570; Joseph Powell was employed by Defendants at its stores #04157 and #08921; Janelle Black was employed by Defendants at its store #01075.

4. This action is brought pursuant to the FLSA, 29 U.S.C §201 et seq. to remedy violations of the wage provisions of the FLSA by Defendants which has deprived Plaintiffs of lawful wages.

---

[2] See list attached as Exhibit B.
[3] See list attached as Exhibit C.

5. This action is brought to recover unpaid overtime compensation owed to Plaintiffs pursuant to FLSA. For at least three years prior to filing this complaint, Defendants have had uniform policy and practice of consistently requiring its alleged "managerial" employees to work 60-90 per week for a salaried amount without overtime compensation. The alleged managerial employees, including Plaintiffs, perform managerial duties approximately 5-10 hours per week. The remainder of their time is spent performing non-managerial functions, including, but not limited to, running the registers, stocking merchandise and janitorial duties. The Plaintiffs were paid a specified weekly salary. The Plaintiffs were not paid any overtime compensation despite the fact that they worked 20-50 hours a week over the required 40 hours and that the vast majority of their hours were spent performing non-managerial job duties. The Plaintiffs seek overtime compensation, an equal amount of liquidated damages, interest, attorneys' fees, and costs pursuant to 20 U.S.C. §201, et seq.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Northern District of Alabama under 28 U.S.C §1391(b). This Court also has jurisdiction pursuant to the MultiDistrict Litigation Statute.

7. Defendants are subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

8. At all times material to this action, Defendants are an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

9. At all times relevant to this action, Defendants were "employers" of Plaintiffs as defined by §203(d) of the FLSA.

10. At all times material to this action, the Plaintiffs were "employees" of Defendants as defined by §203(e)(1) of the FLSA, and worked for Defendants within the territory of the

United States within three years preceding the filing of this lawsuit.

11. The provisions set forth in §§206 and 207, respectively, of the FLSA, apply to Defendants and Plaintiffs and they were covered by §§206 and 207 of the FLSA while Plaintiffs were employed by Defendants.

12. At all times relevant to this action, Defendants employed Plaintiffs in the capacity of store managers.

13. The services performed by Plaintiffs were a necessary and integral part of and directly essential to Defendants' business.

14. The Plaintiffs were required to perform both managerial and non-managerial duties without overtime compensation.

15. Defendants have intentionally failed and/or refused to pay the Plaintiffs managerial salary/rates according to the provisions of the FLSA.

16. The systems, practices and duties of the Plaintiffs have existed for at least three years throughout the Defendants' business.

17. For at least three years, the Defendants have been aware of the requirements of the FLSA and its corresponding regulations necessary to provide managerial employees with overtime compensation. Despite this knowledge, the Defendants have failed to pay its managerial employees the mandatory lawful overtime compensation to conform the duties of these employees to the requirements of the FLSA.

18. Defendants have further engaged in widespread pattern and practice of violating the provisions of FLSA by failing to pay Plaintiffs in accordance with §207 of the FLSA.

19. As a result of Defendants' violations of the FLSA, the Plaintiffs have suffered damages by failing to receive managerial compensation in accordance with §207 of the FLSA.

20. In addition to the amount of unpaid wages and benefits owing to the Plaintiffs they are also entitled to recover an additional amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

21. Defendants' actions in failing to compensate the Plaintiffs is in violation of the FLSA, and is a willful act.

22. Defendants have not made a good faith effort to comply with the FLSA.

23. The Plaintiffs are entitled to an award of attorney's fees pursuant to 29 U.S.C. §2016, et seq.

**WHEREFORE**, the Plaintiffs pursuant to §201 of the FLSA, pray for the following relief:

24. The Plaintiffs be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

25. Plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action; and

26. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

27. Plaintiffs further demand a struck jury to try the issues raised in this matter.

/s/ Roman A. Shaul

ROMAN A. SHAUL
Attorneys for Plaintiff

OF COUNSEL:

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone No. (334) 269-2343
Fax No. (334) 954-7555

## PLAINTIFFS DEMAND TRIAL BY STRUCK JURY ON ALL ISSUES RELATED TO THIS CAUSE

/s/ Roman A. Shaul

_____
OF COUNSEL

# CERTIFICATE OF SERVICE

This is to certify that I have electronically filed the foregoing document with this Court with copies to be served upon all Defendants of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid, and/or via this Court's electronic filing system, on this the 5th day of September, 2006.

Mr. J. Trent Scofield
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
One Federal Plaza, 10th Floor
1819 5th Avenue North
Birmingham, Alabama  35203
Telephone:    (205) 328-1900
Facsimile:    (205) 328-6000

Mr. Ronald E. Manthey
Mr. Joel S. Allen
**BAKER & MCKENZIE**
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone:    (214) 978-3000
Facsimile:    (214) 978-3099

Mr. Keith D. Frazier
**OGLETREE, DEAKINS, NASH**
**SMOAK & STEWART, P.C.**
SunTrust Center, Suite 800
424 Church Street
Nashville, Tennessee 37219
(615) 254-1900 telephone
(615) 254-1908 facsimile

/s/ Roman A. Shaul
OF COUNSEL